**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELIX GUEVARRA VALENCIA, | No. 07-73360 |
| Petitioner, | Agency No. A099-281-301 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 13, 2011
San Francisco, California

Before: SCHROEDER, GRABER, and RIPPLE,[**] Circuit Judges.

Felix Guevarra Valencia, a native and citizen of the Philippines, petitions for

review of a decision of the Board of Immigration Appeals (BIA) overturning an

immigration judge's (IJ) grant of withholding of removal and denying protection

under the Convention Against Torture (CAT).

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Kenneth F. Ripple, Senior Circuit Judge for the United
States Court of Appeals for the Seventh Circuit, sitting by designation.

We have jurisdiction to review this petition despite the lack of a formal finding of removability because the IJ held that removability had been established and because, by granting Petitioner withholding of removal, the IJ "by definition" made the initial determination that Petitioner "is in fact removable." *Lolong v. Gonzales*, 484 F.3d 1173, 1177-78 (9th Cir. 2007) (en banc).

Substantial evidence supports the BIA's determination that it is not more likely than not that Valencia would be persecuted or tortured if returned to the Philippines. Petitioner failed to demonstrate past persecution because, despite the threats he received, he was never confronted. *See Lim v. INS*, 224 F.3d 929, 936-38 (9th Cir. 2000) (holding that Lim's case did not constitute past persecution because neither he nor his family "was ever touched, robbed, imprisoned, forcibly recruited, detained, interrogated, trespassed upon, or even closely confronted"); *Reyes-Guerrero v. INS*, 192 F.3d 1241, 1243 (9th Cir. 1999) (finding past persecution since Reyes-Guerrero was twice approached by men seeking to bribe him to drop his investigation).

In addition, Petitioner failed to show more than a fifty percent probability that he will be persecuted, given that his brother and former supervisor, both similarly situated to Petitioner, have lived in the Philippines unharmed. *See Aruta v. INS*, 80 F.3d 1389, 1395 (9th Cir. 1996) (finding relevance in the safety of twin

2

sister where fear was based on father's activity); *Rodriguez-Rivera v. INS*, 848 F.2d 998, 1006 (9th Cir. 1988) (per curiam) (finding relevance in family safety in the absence of specific threats).  Further, authorities have shown the ability and willingness to protect Petitioner from the New People's Party.

To establish a likelihood of his suffering torture, Petitioner must similarly show participation or lack of protection by public officials.  *See* 8 C.F.R. § 208.18(a)(1) (defining torture as "pain or suffering . . . inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity").  Petitioner also failed to show that it is more likely than not that he will suffer torture if returned to the Philippines.

The record does not compel a conclusion contrary to the BIA's.  *INS v. Elias- Zacarias*, 502 U.S. 478, 483-84 (1992).

**PETITION DENIED**.